## McBEATH, ET AL. v. SPANN, USE, &c.

1. A writ was issued against three and executed on one, only; thereupon an *alias* writ was issued against all without noticing the partial service, and returned executed as to the other two, and not found as to the defendant previously served: *Held*—that the service of the original was not vacated by the *alias* and proceedings thereon.

Writ of error to the County Court of Macon.

THIS was an action of assumpsit on a promissory note, at the suit of the defendant in error against the plaintiffs. The original writ was returned executed on William. Tatum, one of the defendants, and not found as to the other two. An *alias* writ issued against all the defendants and was executed in full, except upon Tatum, as to whom it was returned " not found." A judgment by default was rendered against all the defendants.

S. WILLIAMS, for the plaintiffs in error.

N. W. COCKE, for the defendants.

COLLIER, C. J.—It is insisted that by suing out an *alias* writ against Tatum, the service of the original as to him was waived, that having failed to appear, he was not before the Court so as to subject him to its judgment. There is no objection to the form of the *alias* writ; it would have been proper for the clerk to have indorsed on it how far the original had been executed, merely as a direction to the sheriff in the performance of his duties. But this was not an essential requirement. The return of " not found" as to a defendant, who had been already served with process, cannot relieve him from the legal effect of what had been done ; or undo the regular service of the writ. All the parties had been duly notified of the pendency of the action, and having failed to appear, were liable to a judgment by default, consequently the judgment of the County Court is affirmed.