**MacLean Drug Company, Appellee, v. E. Allyne Stoeffhas, Appellant.**

### Gen. No. 28,078.

1. PROCESS—*issuance of pluries summons as waiver of service of original writ.* The issuance of a pluries summons in an action of forcible detainer in the municipal court of Chicago is not a waiver of the service of the original writ on defendant.

2. PROCESS—*right to make substituted service of summons in forcible detainer in municipal court.* Substituted service of summons on a member of the family of defendant over the age of twelve years is authorized in an action of forcible detainer in the municipal court of Chicago where no claim is made for rent or damages, under the provisions of Municipal Court Act, sec. 48, Cahill's Ill. St. ch. 37, ¶ 48, as amended, adapting the practice and

procedure in other courts of record to proceedings in forcible detainer in that court, and Forcible Entry and Detainer Act of 1874, Cahill's Ill. St. p. 57, authorizing such substituted service, even though process in that court is not returnable at term but on a day certain, since the practice is not adapted exactly under the statute but "as near as may be."

3. APPEAL AND ERROR—*interlocutory orders not reviewable on appeal from judgment only.* On appeal from a judgment only in an action of forcible detainer in the municipal court of Chicago, the action of that court prior to the entry of judgment in vacating an order quashing service of summons on the defendant will not be reviewed on the ground that such order was made without notice to defendant, and in the absence of a bill of exceptions it will be presumed did not act without proper notice.

Appeal by defendant from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 28, 1923. Rehearing denied June 11, 1923. *Certiorari* denied by Supreme Court (making opinion final).

SLOTTOW & LEVITON, for appellant; CHARLES LEVITON, of counsel.

WETTEN, PEGLER & DALE, for appellee; CHARLES L. MAKEMSON, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant in the trial court from a judgment entered June 5, 1922, in the municipal court of Chicago. The action was for forcible detainer and the judgment was entered upon the finding of the court. The appeal was prayed and allowed on June 6, 1922, the defendant having entered a special and limited appearance for the sole and only purpose of praying such appeal.

The record shows that the defendant was not present at the time the judgment was entered, and it is contended in this court that said judgment is wholly void for want of jurisdiction.

The record shows that appellee filed its complaint

May 8, 1922, and that a summons issued on that day against E. Allyne Stoeffhas, appellant here, and one William F. Bartlett; that this summons was returned "Not found as to the defendant, Stoeffhas"; that an alias summons issued against her which was returned "served on the defendant, E. Allyne Stoeffhas, by leaving a copy thereof, together with a copy of the complaint with Helen Stoeffhas, daughter, a person of the family of said defendant of the age of Twelve (12) years and upwards and informing such person of the contents thereof at the usual place of abode of said defendant in the City of Chicago, the 18th day of May, 1922"; that this alias summons directed the defendant to appear before the municipal court of Chicago in the City Hall in the City of Chicago at 9:30 a. m. sharp on May 24, 1922.

May 24, 1922, appellant filed a special and limited appearance, stated to be "for the sole and only purpose of contesting the jurisdiction of this court over the person of the said defendant herein."

On the same day a pluries summons issued against appellant, E. Allyne Stoeffhas, returnable on the 2nd day of June, 1922. This summons was returned May 31, 1922, by the bailiff of the municipal court, but the defendant was not found.

On the same day that the special appearance was entered and the pluries summons issued, namely May 24, 1922, appellant filed a written motion, in which it was stated that defendant "in pursuance of a special and limited appearance filed herein, respectfully moves the court to quash the writ and service of said writ in the above entitled cause, and the return of service on said writ in so far as said writ and service of said writ and return of service on said writ purport to effect, this defendant, and to dismiss the suit as against said E. Allyne Stoeffhas, named as defendant, for the reason that this court has no jurisdiction of the said E. Allyne Stoeffhas, named as defendant."

On the same day an order was entered continuing the motion of defendant, Stoeffhas, to quash the service to May 25, 1922.

May 25 the other defendant, William F. Bartlett, entered a general appearance, and also on that day an order was entered sustaining the motion of the defendant, Stoeffhas, to quash service as to said defendant.

June 5, 1922, plaintiff moved the court to vacate the order of May 25, 1922. The motion stated that the order was "entered in error." The record shows that the court "being fully advised in the premises" sustained the motion, and the cause then coming on for hearing upon the motion of defendant, Stoeffhas, to quash the service, said motion was overruled by the court. On motion of the plaintiff the cause was then dismissed as to the defendant William F. Bartlett. The defendant, Stoeffhas, was ruled to appear instanter, and, being called in open court, came not, nor anyone for said defendant, but made default, "and it appearing to the court that said defendant was duly notified by being personally served with process according to law duly notifying said defendant of the pendency of this suit and of the time required of said defendant to appear herein, all of which was sufficient number of days prior to the time required of said defendant to appear as aforesaid to now require of said defendant that said defendant either appear in this cause at this time or that said defendant suffer judgment by default for want of such appearance, and it further appearing to the court that said defendant is still in default of an appearance herein, it is, on motion of the plaintiff, ordered by the court that judgment be entered herein against said defendant by default for want of an appearance."

The record further recites that thereupon the court heard evidence, and having considered the same made the finding upon which the judgment was entered.

It is the contention of the appellee that the appearance and motion of defendant, although purporting to be special and limited, nevertheless operated as a general appearance and that all questions of jurisdiction were thereby waived. This by reason of the fact that in addition to moving the court to quash the writ, the service and return of service, the defendant also moved the court to dismiss the suit. Further, that the appearance and motion did not specifically state any grounds of objection and therefore amounted to a general appearance; and again, that as the record shows that the appearance and motion were made by attorneys instead of by the defendant personally, it amounted to a general appearance, which gave the court jurisdiction.

All of these contentions raise interesting technical questions which we deem it unnecessary to discuss or decide, for the reason that we think the judgment of the court must be sustained for other and more meritorious reasons.

The defendant appellant contends, as we understand, that the issuance of a pluries summons against the defendant amounted to a waiver of the service which had already been obtained. Conceding (which is not conceded by defendant) that the service was sufficient and authorized, we are unable to see any merit in this contention, nor any theory upon which it might be held that the issuance and return of another summons against a defendant who had already been duly served by the original process should operate as a waiver of the original service. The contrary has been held in *McBeath v. Spann*, 7 Ala. 201; *Dresser v. Wood*, 15 Kan. 344; *Russell & Co. v. Millett*, 20 Wash. 212, and other cases which might be cited.

The controlling question in the case, therefore, as we view it, is whether the service of summons as shown by the return is authorized by law in forcible entry and detainer cases in the municipal court of Chicago. The service, it will be noted, was what is

known as "substituted service," that is, the summons was not executed by personal service on the defendant, but by leaving a copy of the summons with a member of the family. It is conceded that prior to the amendments of 1917 there was no provision in the statute for such service in forcible entry and detainer cases brought in the municipal court, and that it was necessary that process in such cases should be served personally as in other fourth-class cases in that court. Section 48 of the Municipal Court Act, as amended (see Cahill's Ill. St. ch. 37, ¶ 436), provides in substance that the practice and proceedings in the municipal court, other than the mode of trial and proceedings subsequent to trial, in cases of attachment, garnishment, replevin, distress for rent, *and forcible detainer,* included within the cases of the fourth class mentioned in section 2 of the act, "shall be the same, *as near as may be,* as that which is now prescribed by law for similar cases in other courts of record with the following exceptions:   *   *   *."   Further, that "in forcible detainer cases the plaintiff may unite with his claim for possession of the property any claim for rent or damages for withholding possession thereof, and in such cases the service of summons, practice and proceedings shall be as provided by this act for fourth-class cases regardless of the amount of such claim for rent or damages, except that where such amount exceeds $1,000 the costs shall be as in first-class cases."

The Forcible Entry and Detainer Act of February 16, 1874, (see Cahill's Ill. St., p. 57) provides that service of summons in such cases shall be had by delivering a copy thereof to the defendant, or by leaving such copy at his usual place of abode, with some person of the family of the age of twelve years or upward, and informing such person of the contents thereof.

We think, considering these statutes together, that the same must be construed to mean that substituted

service may be had in forcible entry and detainer cases in the municipal court where no claim for rent or damages is included. The defendant says that to so hold would result in depriving the municipal court of jurisdiction in this class of cases entirely, as such a construction would require that process be returned as in other courts of record, and that there is no term in the municipal court to which process could be returned. We do not think that such a result follows this reasonable construction of the statute. The provision is not that the practice and procedure in such cases shall be entirely the same as in other courts of record, but only that it shall be "as near as may be"; that is to say, as we understand it, that the practice in the municipal court in forcible entry and detainer cases shall be the same as in other courts of record in so far as it is reasonably adaptable, and, of course, except where the practice in the municipal court is otherwise expressly provided for. Of course, a summons in such a case issuing out of the municipal court could not be made returnable to a particular term for the obvious reason that there are no terms in the municipal court. It can therefore be returnable only to a certain day.

There is no express provision in the Municipal Court Act or in the Forcible Entry and Detainer Act directing the method of service in forcible entry and detainer cases in the municipal court, where no claim for rent or damages is joined, but section 52 of the Municipal Court Act, which is paragraph 445, ch. 37, of Cahill's Ill. St., provides:

"That if the method of procedure in any case within the jurisdiction of the municipal court is not sufficiently prescribed by this Act, or by any rule of court adopted in pursuance hereof, the court may make such provision for the conducting and disposing of the same as may appear to the court proper for the just determination of the rights of the parties."

We see no reason why, under the power conferred

by this section of the statute, the municipal court of Chicago may not, either by rule of court or otherwise, direct that its writs in forcible entry and detainer cases may be served by substitution. It follows, we think, that the court had jurisdiction.

The appellant contends that the order of June 5, 1922, vacating the prior order of May 25, 1922, was entered in defendant's absence and without notice. This appeal is from the judgment entered only, and does not bring that order before us for review; nor are the rules of the municipal court preserved in the record. However, in the absence of a bill of exceptions we will not presume that the court acted without proper notice to the parties.

We think that the service was sufficient and we hold that the municipal court had jurisdiction of the subject-matter and acquired jurisdiction of the person of defendant by the due service of process. The judgment is therefore affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.